IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01608–REB–KMT

CAREY WAYNE BROOKER, and
LENORA RENEE BROOKER,

    Plaintiffs,

v.

RUSSELL JAY GOULD,
STACEY L. ARONOWITZ, Attorney Reg. #36290,
SUSAN J. HENDRICK, Attorney Reg. #33196,
MARCH L. MCDERMOTT, Attorney Reg. #38030,
ARONOWITZ & MECKLENBUG, LLP,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
BANK OF AMERICA, N.A.,
BRIAN MOYNIHAN,
BAC HOME LOANS SERVICING, LP,
BAC HOME LOAN SERVICING, LP,
BARBARA DESOER,
DONNA LEONETTI,
LAS ANIMAS COUNTY PUBLIC TRUSTEE,
LAS ANIMAS COUNTY TREASURER,
TRINIDAD ABSTRACT & TITLE COMPANY,
TOWN AND COUNTRY ESTATES REALTY, INC.,
EDGAR J. TROMMETER, license ER1326745
LAS ANIMAS COUNTY SHERIFF'S DEPARTMENT,
JAMES W. CASIAS,
LAS ANIMAS COUNTY COURT,
LAS ANIMAS COUNTY JUDGE BRUCE A. BILLINGS,
LAS ANIMAS COUNTY REVIEW CLERK EMMA BARROS,
DISTRICT ADMINISTRATOR/CLERK OF COURT ROBERT KREIMAN, and
SANTA FE TRAIL RANCH,

    Defendants.

## ORDER DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT

Plaintiffs initiated this action by filing a *pro se* Complaint. The Court must construe the Complaint liberally because the plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiffs will be ordered to file an Amended Complaint.

Plaintiffs' Complaint is deficient because the have not used the Court-approved Complaint form that *pro se* litigants are required to use. Pursuant to Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[a] *pro se* party shall use the forms established by this court to file an action." Therefore, Plaintiffs will be ordered to file an Amended Complaint and submit their claims on the Court-approved Complaint form.

The Court also finds that Plaintiffs' Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the bases for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Plaintiffs are entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc.*

*v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiffs fail to set forth a short and plain statement of their claims showing that they are entitled to relief. Plaintiffs' claims are unnecessarily verbose and unintelligible. Therefore, Plaintiffs will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Plaintiffs are reminded that it is their responsibility to present their claims in a manageable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims.

The Court notes Plaintiffs filed this case after this court issued similar Orders directing Plaintiffs to file amended complaints in Civil Case Nos. 12–cv–00093–REB–KMT and 12–cv–00548–REB, apparently in an attempt to circumvent the Court's Orders in those cases. District Judge Robert E. Blackburn has dismissed both Civil Case Nos. 12–cv–00093–REB–KMT and 12–cv–00548–REB.

Although Plaintiffs are proceeding in this case without an attorney, they bear the responsibility of complying with court orders and prosecuting their case. The Federal Rules of

Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 16(f)(1)(C) and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party fails to obey pretrial orders. Fed. R. Civ. P. 41 and D.C.COLO.LCivR 41.1 also enable the court to dismiss a case for a party's failure to prosecute.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002). However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir.2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996). "These factors do not create a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* "Only when the aggravating factors outweigh the judicial system's strong predisposition to

resolve cases on their merits is dismissal an appropriate sanction." *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir.1988) (citations omitted).

Accordingly, it is

**ORDERED** that Plaintiffs shall file, **on or before October 1, 2012**, an Amended Complaint that complies with this Order. It is further

**ORDERED** that the Clerk of the Court mail to Plaintiffs, together with a copy of this Order, two copies of the Court-approved form for filing a Complaint. It is further

**ORDERED** that if Plaintiffs fail within the time allowed to file an Amended Complaint, as directed, this court will recommend that this action be dismissed without further notice. Plaintiffs are also warned that their failure to comply with this court's Order will result in a recommendation for the imposition of additional sanctions, including an order to pay the defendants' costs and attorney fees and that this case be dismissed, with prejudice, in its entirety, pursuant to Rules 16(f)(1)(C) and 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992).

Dated this 12th day of September, 2012.

BY THE COURT:

_/s/ Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge