IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01608–REB–KMT

CAREY WAYNE BROOKER, and
LENORA RENEE BROOKER,

    Plaintiffs,

v.

RUSSELL JAY GOULD,
STACEY L. ARONOWITZ, Attorney Reg. #36290,
SUSAN J. HENDRICK, Attorney Reg. #33196,
MARCH L. MCDERMOTT, Attorney Reg. #38030,
ARONOWITZ & MECKLENBUG, LLP,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
BANK OF AMERICA, N.A.,
BRIAN MOYNIHAN,
BAC HOME LOANS SERVICING, LP,
BAC HOME LOAN SERVICING, LP,
BARBARA DESOER,
DONNA LEONETTI,
LAS ANIMAS COUNTY PUBLIC TRUSTEE,
LAS ANIMAS COUNTY TREASURER,
TRINIDAD ABSTRACT & TITLE COMPANY,
TOWN AND COUNTRY ESTATES REALTY, INC.,
EDGAR J. TROMMETER, license ER1326745
LAS ANIMAS COUNTY SHERIFF'S DEPARTMENT,
JAMES W. CASIAS,
LAS ANIMAS COUNTY COURT,
LAS ANIMAS COUNTY JUDGE BRUCE A. BILLINGS,
LAS ANIMAS COUNTY REVIEW CLERK EMMA BARROS,
DISTRICT ADMINISTRATOR/CLERK OF COURT ROBERT KREIMAN, and
SANTA FE TRAIL RANCH,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court *sua sponte* on review of the docket and Plaintiffs' failure to respond to this court's Order to amend their Complaint.

On June 21, 2012, Plaintiffs paid their $350.00 filing fee and filed their *pro se* Complaint, which is twenty-sevenr pages long.  (Doc. No. 1.)  On September 12, 2012, this court issued an Order Directing Plaintiffs to File Amended Complaint.  (Doc. No. 6.)

In its Order, this court advised Plaintiffs that their Complaint was deficient because Plaintiffs did not use the Court-approved Complaint form that *pro se* litigants are required to use under Rule 8.1A of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.  (*Id.*)  Pursuant to Local Rule 8.1A., "[a] *pro se* party shall use the forms established by this court to file an action."  The court further advised Plaintiffs that their Complaint did not comply with the pleading requirements of Fed. R. Civ. P. 8.  (*Id.*)  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Plaintiffs are entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach

allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. The court found that Plaintiffs' Complaint fails to set forth a short and plain statement of their claims showing that they are entitled to relief. Additionally, this court found that Plaintiffs' claims are unnecessarily verbose and unintelligible.

The court directed Plaintiffs to file, on or before October 1, 2012, an amended complaint complying with Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil and complying with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (Doc. No. 8.) The Clerk of the Court provided Plaintiffs, along with a copy of the court's Order, two copies of the Court-approved form for filing a Complaint. This court advised Plaintiffs that if they failed to file an Amended Complaint, as directed, that their failure to comply with this court's Order would result in a recommendation for the imposition of additional sanctions, including an order to pay the defendants' costs and attorney fees and that this case be dismissed, with prejudice, in its entirety, pursuant to Federal Rules of Civil Procedure 16(f)(1)(C) and 41, D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992). (*Id.*)

Plaintiffs have failed to file an amended complaint in this matter.[1] Plaintiffs' Complaint runs afoul of Local Rule 8.1A. and Fed. R. Civ. P. 8. Plaintiffs have failed to cure these deficiencies, despite being given more than adequate opportunity to do so. A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).

Additionally, the Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir.2002). However, a dismissal with prejudice is a more severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir.2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice. The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser

---

[1] The Court notes Plaintiffs filed this case after this court issued similar Orders directing Plaintiffs to file amended complaints in Civil Case Nos. 12–cv–00093–REB–KMT and 12–cv–00548–REB, apparently in an attempt to circumvent the Court's Orders in those cases. District Judge Robert E. Blackburn has dismissed both Civil Case Nos. 12–cv–00093–REB–KMT and 12–cv–00548–REB.

sanctions." *Id*. at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo.1996). "These factors do not create a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id*. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir.1988) (citations omitted).

Applying the *Ehrenhaus* criteria, the court finds that although Defendants have not been prejudiced, Plaintiffs' ongoing failure to follow the court's orders and the court's repeated review of their cases and issuance of orders regarding the deficiencies in Plaintiffs' complaints have increased the workload of the court and therefore interfered with the administration of justice. The record does not reveal that anyone other than Plaintiffs are culpable for their failure to comply with the court's orders. The court has repeatedly warned Plaintiffs of the possibility of dismissal for failure to comply with the court's orders. Finally, there is no lesser sanction available under the circumstances, as it would be pointless to impose a financial sanction on plaintiffs who have failed to comply with previous court orders. Four out of five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice for failure to comply with the court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules of Practice.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Plaintiffs' Complaint be dismissed, with prejudice, pursuant to *Ehrenhaus v. Reynolds*, for failure to comply with the court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules of Practice. The court also

**RECOMMENDS** that the District Court impose additional sanctions against Plaintiffs, including an order to pay the defendants' costs and attorney fees.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of October, 2012.

BY THE COURT:

*(signature)*

Kathleen M. Tafoya
United States Magistrate Judge